IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RUSSELL ALLEN BROWN,

        **Plaintiff,**

v.                                                                                    Case No. 3:26-CV-518-NJR

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS, DENIS
MCDONOUGH, DAVID GRAY,
ROBERT D. HENINGTON, FIRST MID
BANK & TRUST, REGINA NELSON,
SHELLY MOUTRAY, JASON
CROWDER, SKYLA MILNER, JADEN
TROTTER, MILWAUKEE VA
FIDUCIARY HUB, and SOUTHERN
ILLINOIS FINANCIAL SERVICES NFP,

        **Defendants.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on *pro se* Plaintiff Russell Allen Brown's Motion for Temporary Restraining Order (Doc. 8), Motion for Production of Records and Full Accounting (Doc. 11), and Amended Complaint (Doc. 6). In this Court's prior order (Doc. 5), it granted Brown's Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) but determined his Complaint (Doc. 2) was deficient under the Federal Rules of Civil Procedure; consequently, Brown was ordered to file an amended complaint (Doc. 5). In his amended complaint, Brown alleges that Defendants have fraudulently withheld a portion of a monetary award to which he is entitled. (Doc. 6). He seeks compensatory, punitive, declaratory, and injunctive relief. *Id.*

## MOTION FOR TEMPORARY RESTRAINING ORDER

Brown asks this Court to issue a temporary restraining order (TRO) against Defendants First Mid Bank & Trust, David Gray, and Robert Henington. (Doc. 8). He asks this Court (1) to compel First Mid Bank & Trust to "restore [his] telephonic and in-person access to account information and [his] funds"; (2) to prevent Henington or Gray from withdrawing, transferring, or moving "any funds associated with [his] estate until a court-ordered audit is completed"; and (3) to compel "the immediate production" of the "2017 VA Award Letter" (though he does not specify which Defendants should be so compelled).

The Court cannot grant Brown's request for a TRO or other preliminary injunctive relief because he has failed to satisfy its procedural prerequisites. For a TRO to be issued without notice to the adverse party, the movant must satisfy the requirements of Rule 65(b)(1). FED. R. CIV. P. 65(b)(1). In addition to setting forth specific facts "clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," the movant must certify in writing (1) any efforts he made to give notice to the adverse party, and (2) reasons why such notice should not be required. *Id.* Brown's motion neither sets forth such facts nor makes any certification of efforts to give notice or reasons why notice should not be required. (Doc. 8). Consequently, his motion is denied without prejudice.

## MOTION FOR PRODUCTION OF RECORDS AND FULL ACCOUNTING

Brown also asks this Court to compel Defendants David Gray and First Mid Bank & Trust to produce a number of records relating to his complaint. (Doc. 11). This motion

is premature. Should his case advance to discovery, Brown will be able to seek these records without this Court's order. Accordingly, Brown's motion is denied without prejudice.

### AMENDED COMPLAINT

Because Brown is proceeding without prepayment of the filing fee, the Court must screen the amended complaint (Doc. 6) pursuant to 28 U.S.C. § 1915(e)(2) and dismiss it if it is clearly frivolous or malicious, fails to state a claim on which relief may be granted, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

In reviewing the amended complaint, it is not immediately apparent to the Court that it fails to state a claim on which relief may be granted. Nor does the amended complaint appear frivolous or malicious. Further, Brown has complied with this Court's previous order (Doc. 5) directing him to clarify which individuals and entities he wished to name as defendants. Because the Court has already determined that Brown is unable to pay the filing fee, he may proceed on his amended complaint.

For these reasons, the Court **DENIES without prejudice** Plaintiff Russell Allen Brown's Motion for Temporary Restraining Order (Doc. 8) and Motion for Production of Records and Full Accounting (Doc. 11). The Court further **DIRECTS** the Clerk of Court to provide Brown with a USM-285 form. Brown is **ORDERED** to return the completed form to the Clerk of Court. Upon receipt of the completed USM-285 form, the Clerk is

**DIRECTED** to prepare and issue a summons for Defendants United States Department of Veterans Affairs, Denis McDonough, David Gray, Robert D. Henington, First Mid Bank & Trust, Regina Nelson, Shelly Moutray, Jason Crowder, Skyla Milner, Jaden Trotter, Milwaukee VA Fiduciary Hub, and Southern Illinois Financial Services NFP, and to deliver service packets for each Defendant consisting of the summons, USM-285 form, and a copy of the Amended Complaint to the United States Marshals Service. The Court **DIRECTS** the United States Marshal, upon receipt of these documents, to serve a copy of the summons and the Amended Complaint upon Defendants in any manner consistent with Rule 4, as directed by Plaintiff Russell Allen Brown. Costs of service shall be borne by the United States.

    **IT IS SO ORDERED.**

    **DATED:   May 19, 2026**

                                     **NANCY J. ROSENSTENGEL**
                                     **United States District Judge**